## IN RE OPINION OF THE JUDGES

(161 N.W.2d 707)

(File No. 10631. Opinion filed October 3, 1968)

TO HIS EXCELLENCY, NILS A. BOE, GOVERNOR OF SOUTH DAKOTA:

In a communication issued under the authority of Article V, § 13, of the South Dakota Constitution, you request the opinion of the judges of this court upon the following question of law involved in the exercise of your executive powers:

"SDC Supplement, Chapter 34.37A relates to capital punishment. By the terms of Sections 34.37A04 and 34.37A05 it would appear that only the Governor may reprieve or suspend the execution of a judgment of death except as otherwise provided in the afore quoted chapter. The foregoing statutes were enacted by the Legislature in 1939.

"Chapter 45 of the Session Laws of 1961 amends SDC 13.5001 by providing that the Governor has power to remit fines and forfeitures, to grant reprieves, commutations and pardons for all offenses except treason and cases of impeachment, only upon recommendation in writing of the Board of Pardons and Paroles.

"Chapter 46 of the Session Laws of 1961 provides for the establishment of the Board of Pardons and Paroles and by Section 7 thereof transfers to said Board all the powers and duties pertaining to paroles, probations and suspended sentences which theretofore were vested in or exercised by the Governor, the Board of Charities and Corrections, or the Department of Probations and Paroles.

"Accordingly, I would request the opinion of the Court as to whether the sole power of the Governor to reprieve or suspend the execution of a judgment of

death, as conferred by SDC 34.37A, may have been limited and circumscribed by the enactment of Chapters 45 and 46 of the Session Laws of 1961, so as to require an affirmative recommendation by the Board of Pardons and Paroles.

"For the benefit of the Court in determining its willingness to render such an advisory opinion as herein requested, I might state that neither the question of law nor the facts to which the law might relate are moot. In the case of The State of South Dakota vs. Thomas J. White Hawk, a sentence of death was imposed upon the defendant by the Trial Court. Pursuant to statute, the Judge of the Trial Court imposing such sentence has transmitted to the office of the Governor a certified copy of such judgment together with a brief statement of the facts and circumstances of the case, to which he duly executed his signature.

"Unless Chapters 45 and 46 of the Session Laws of 1961 supercede the provisions of SDC Chapter 34.37A, I would deem it incumbent upon my office to make an investigation and a determination with respect to the death sentence imposed upon the defendant, Thomas J. White Hawk, independent of any specific application for such review either by the defendant personally or by his counsel.

"It is for this reason that as Governor I deem the solemnity of this occasion to be of such a nature as to require your advice and counsel."

In response, you are advised that historically capital punishment was in effect in this state from statehood (§ 261, Revised Dakota Territory Cases of 1877 § 6449, Compiled Laws of Dakota 1887; and Penal Code, § 253 of the 1903 Revised Codes of South Dakota) until abolished by Chapter 158 of the South Dakota Session Laws of 1915.

Capital punishment was reinstated in 1939 by the enactment of Chapter 30 of the 1939 Session Laws (now SDC 1960

Supp. 13.2012). The same session of our legislature enacted companion statutes providing procedure for the enforcement and execution of the death penalty. Chapters 134, 135, 136 and 137 of the 1939 Session Laws (now Chapter 34.37A of the 1960 Supp.). The pertinent sections of Chapter 34.37A, 1960 Supp., are as follows:

"34.37A03 **Duty of judge.** The judge of any court imposing sentence of death shall immediately thereafter transmit by registered mail to the Governor a certified copy of such judgment together with a brief statement of the facts and circumstances of the case over his signature.

"34.37A04 **Governor may act.** The Governor may thereupon make such investigation of said case as he may deem proper and may require the assistance of the Attorney General or of the department of justice therein. He shall have power, if he sees fit after such investigation, to commute said sentence to life imprisonment. He shall also have power to reprieve or suspend the execution of such sentence for such reasonable time as he may see fit for the purpose of completing his investigation or other like proper purpose but the period of such reprieve or suspension shall not in any event, exceed ninety days save only as hereinafter specifically provided."

Article IV, § 5 of the Constitution of South Dakota was amended in 1960 to read as follows:

"§ 5. The governor shall have the power on the written recommendation of the board of pardons and paroles to remit fines and forfeitures, to grant reprieves, commutations and pardons after conviction, for all offenses except treason and cases of impeachment, but the legislature may by law regulate the manner in which the remission of fines, pardons, commutations and reprieves may be applied for. Upon conviction for treason the governor shall have the power to suspend ex-

ecution of the sentence until the case shall be reported to the legislature at its next regular session, when the legislature shall either pardon or commute the sentence, direct the execution of the sentence or grant a further reprieve. He shall communicate to the legislature at each regular session each case of remission of fine, reprieve, commutation or pardon, granted by him, stating the name of the convict, the crime of which he is convicted, the sentence if any has been imposed and its date, and the date of the remission, commutation, pardon or reprieve.

"The board of pardons and paroles shall consist of an assistant attorney general who shall serve for the duration of the term of the attorney General appointing him as an ex officio member of the board and two electors who shall be appointed for terms of four years, commencing on the first Tuesday after the first Monday in January, 1961, and every fourth year thereafter, one by the governor and the other by the supreme court. A vacancy shall be filled for the unexpired term by the respective appointing power that theretofore made the appointment. The board of pardons and paroles shall have power to parole persons convicted of crime under the laws of this state upon such condition and with such restrictions and limitations as may be provided by law. This amendment shall not be so construed as to affect the provisions of article V, section 39."

The succeeding session of our legislature effectuated the amendment of § 5, Article IV by enacting Chapter 46 of the Session Laws of 1961, which prescribed and defined the powers and duties of the newly created board of pardons and paroles. In this regard, the same session of the legislature amended SDC 13.5001 by the adoption of Chapter 45 of the 1961 Session Laws, to read as follows:

"13.5001 PARDONS, REPRIEVES, COMMUTATIONS AND REMISSIONS; CERTAIN OFFENSES EX-

CEPTED; RECOMMENDATION OF BOARD OF PARDONS AND PAROLES. The Governor has power to remit fines and forfeitures, to grant reprieves, commutations, and pardons for all offenses except treason and cases of impeachment only upon recommendation in writing of the Board of Pardons and Paroles."

It clearly appears that your power as governor of this state to remit fines and forfeitures, to grant reprieves, commutations, and pardons, is governed and controlled by Article IV of § 5 of the Constitution of South Dakota as amended in 1960. The constitutional restriction on this power is correctly set forth in SDC 13.5001 as amended by Chapter 45 of the 1961 Session Laws. Accordingly, the clemency powers of the governor may be invoked and exercised only upon recommendation in writing by the board of pardons and paroles. It follows that the provisions of SDC 1960 Supp. 34.37A04 purporting to grant the governor independent power to commute a death sentence to life imprisonment, if ever valid (See Art. IV, § 5 before amendment) has been repealed by implication and superseded by the cited subsequent constitutional and statutory provisions.

CHARLES S. HANSON
FRANK BIEGELMEIER
FRED J. HOMEYER
E. D. ROBERTS
ALEX RENTTO